IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mark Christopher Stanley, #343332, | ) | C/A No.: 1:11-884-JMC-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| State of South Carolina; C. Kelly | ) | |
| Jackson, Solicitor; Donald Beckwith, | ) | |
| Warden; Jason W. Corbett, Solicitor, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

     This is a civil action seeking a writ of mandamus and prohibition, filed by a state prisoner. Therefore, in the event that a limitations issue arises, Petitioner shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 270–76 (1988) (prisoner's pleading was filed at moment of delivery to prison authorities for forwarding to District Court). Under Local Civil Rule 73.02(B)(2)(c) (D.S.C.), pretrial proceedings in this action have been automatically referred to the assigned United States Magistrate Judge.

     By order dated April 22, 2011 [Entry #9], Petitioner was given a specific time frame in which to bring this case into proper form. Petitioner has complied with the court's order, and this case is now in proper form.

**PAYMENT OF THE FILING FEE:**

     By filing this case, Petitioner has incurred a debt to the United States of America in the amount of $350.00. *See* 28 U.S.C. § 1914. This debt is not dischargeable in the event Petitioner seeks relief under the bankruptcy provisions of the United States Code. *See* 11 U.S.C. § 523(a)(17). The Prison Litigation Reform Act (PLRA) of 1996 permits a prisoner to file a civil action without **pre**payment of fees or security, but requires the prisoner "to pay the full amount of the filing fee" as funds are available. *See* 28 U.S.C. § 1915(a), (b). **The agency having custody of Petitioner shall collect payments from Petitioner's prisoner trust account in accordance with 28 U.S.C. § 1915(b)(1) and (2), until the full filing fee is paid.** *See Torres v. O'Quinn*, 612 F.3d 237, 252 (4th Cir. 2010) ("We hold that 28 U.S.C. § 1915(b)(2) caps the amount of funds that may be withdrawn from an inmate's trust account at a maximum of twenty percent *regardless of the number of cases or appeals the inmate has filed*.") (emphasis in original).

Petitioner has submitted an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO 240), which is construed as a Motion for Leave to Proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1), (2). On May 19, 2011, Petitioner paid a portion of the filing fee in the amount of $5.00. (Receipt no. SCX400006741; Entry #19). The unpaid portion of the filing fee is currently $345.00.

Petitioner's Motion for Leave to Proceed *in forma pauperis* [Entry #12] is **granted**.

**TO THE CLERK OF COURT**:

This case is subject to summary dismissal based on an initial screening conducted pursuant to 28 U.S.C. §1915 and/or 28 U.S.C. § 1915A. Therefore, the Clerk of Court shall ***not*** issue the summons or forward this matter to the United States Marshal for service of process at this time.

IT IS SO ORDERED.

*Shiva V. Hodges*

September 23, 2011                                         Shiva V. Hodges
Florence, South Carolina                              United States Magistrate Judge

2