IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mark Christopher Stanley, #343332, | ) | C/A No.: 1:11-884-JMC-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| State of South Carolina; C. Kelly Jackson, Solicitor; Donald Beckwith, Warden; Jason W. Corbett, Solicitor, | ) ) ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, proceeding *pro se* and *in forma pauperis*, filed this petition seeking a writ of mandamus and prohibition. When this matter was filed, Plaintiff was an inmate at Wateree River Correctional Institution ("WRCI"), but he filed a notice of address change on August 5, 2011 indicating he is now residing at the Alston Wilkes Society. [Entry #25]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Petitioner submitted a Petition for a Writ of Prohibition and Mandamus asking this court to order Respondents to: (1) stop conspiring to obstruct or impede Petitioner's access to the courts; (2) stop intercepting and conspiring to interfere with Petitioner's mail; (3) immediately restore Petitioner's phone privileges; (4) provide Petitioner with

copies of his legal materials; and (5) stop any further medical testing of Petitioner. Pet. at 5–6 [Entry #1]. On May 13, 2011, an Amended Petition for a Writ of Mandamus and Prohibition ("Amended Petition") was received by the court. [Entry #16]. The Amended Petition re-alleged and incorporated facts from the original pleading and further asked the court to order Respondents to produce for inspection and copying "all the requested photographs of the evidence; the requested entire transcript of the State court proceeding, and the full names, Badge/Unit Numbers and physical address(es) of the aforementioned State witnesses." *Id.* at 5. The Amended Petition also asks that Respondents be ordered to "cease and desist any and all adverse action(s)." *Id.*

II.     Discussion

    A.     Standard of Review

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim

currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

Writs of mandamus and prohibition are drastic remedies to be used only in extraordinary circumstances. *Kerr v. United States Dist. Court*, 426 U.S. 394, 402 (1976)(mandamus); *In re Vargas*, 723 F.2d 1461, 1468 (10th Cir. 1983) (prohibition); *see also In re Cox*, No. 11-1026, 2011 WL 3267315 (4th Cir. July 28, 2011). In addition, such relief is only available when there are no other means by which the relief sought could be granted and may not be used as a substitute for appeal. *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987); *In re Lockheed Martin Corp.,* 503 F.3d 351, 353 (4th Cir. 2007). The party seeking mandamus relief also carries the heavy burden of showing that his entitlement to such relief is clear and indisputable. *Mallard v. United States Dist. Court*, 490 U.S. 296, 309 (1989); *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980); *see also United States v. Moussaoui*, 333 F.3d 509, 517 (4th Cir. 2003);

Petitioner fails to show a clear and indisputable right to the relief sought or that he has no other adequate means to obtain such relief. As such, Petitioner cannot demonstrate extraordinary circumstances sufficient to warrant the issuance of a writ of mandamus and/or prohibition. However, even if Petitioner could meet the heavy burden of showing entitlement to such relief, the instant case would still be subject to summary dismissal. Petitioner asks this court to compel action by the State of South Carolina, two state solicitors, and the warden of a state prison. District Courts are granted under 28 U.S.C. §

1361, "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Thus, on its face, § 1361 extends federal mandamus jurisdiction only to federal officers or employees. *See United States ex rel. Rahman v. Oncology Assocs, P.C.*, 198 F.3d 502, 510 (4th Cir. 1999); *In re Carr*, 803 F.2d 1180 (4th Cir. 1986) (unpublished). Should Petitioner look to 28 U.S.C. § 1651, the "all writs statute," as a source of mandamus authority, relief would still be unavailable. Such writs are limited to cases where federal courts are acting in aid of their respective jurisdictions. *See* 28 U.S.C. § 1651; *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587–588 & nn. 2-4 (4th Cir. 1969); *see also In re Harrell*, 905 F.2d 1529 (4th Cir. 1990) (unpublished). Because the court does not have authority to issue a writ directing action by the State of South Carolina or its officials, this case is subject to summary dismissal.

To the extent Plaintiff's complaint can be construed as a petition for writ of habeas corpus or as bringing claims pursuant to 28 U.S.C. § 1983, his claims are still subject to summary dismissal. Plaintiff's release from prison renders a claim for habeas corpus relief moot, as he has not set forth any allegations of collateral consequences. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Additionally, a conditions of confinement claim pursuant to § 1983 that seeks only injunctive relief is moot upon the transfer or release of a plaintiff. *See Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007); *see also Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer rendered moot a prisoner's claims for injunctive and declaratory relief, but not claims for damages).

4

Therefore, even if the court were to recharacterize the petition, it would still be subject to summary dismissal.

III.    Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

September 23, 2011                                  Shiva V. Hodges
Florence, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**